IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DALE A. COPEMANN,

    Plaintiff,

v.                                                  CASE NO. 1:11-cv-74-SPM-GRJ

CHRISTINE BAUN,

    Defendant.

_____/

## REPORT AND RECOMMENDATION

      Plaintiff has filed a Complaint asserting claims under the Fair Housing Act against Defendant Christine Baun arising from the denial of a loan application that he filed with Campus USA Credit Union ("Campus USA") in Gainesville, Florida. (Doc. 1.) The Court has reviewed Plaintiff's Complaint (Doc. 1) and Plaintiff's Motion For Leave To Proceed *In Forma Pauperis*. (Doc. 2.)  For the reasons discussed below, it is respectfully **RECOMMENDED** that the Motion To Proceed *In Forma Pauperis* (Doc. 2) should be **DENIED** and this cause should be **DISMISSED** for failure to state a claim.

### I. Introduction

      This case concerns the denial of a loan that Plaintiff applied for at Campus USA. The complaint - which is sparse on any details – discloses the following material facts. Plaintiff applied for a loan with Campus USA on or around February 22, 2011 when he met with Defendant Christine Baun, who serves as an Assistant Service Center Manager for Campus USA.  Plaintiff has attached as an exhibit his credit application, which discloses that he requested a loan in the sum of $10,000.00.  Plaintiff also has

attached to his complaint a copy of a form sent to him by Campus USA entitled "Adverse Action Notice." The Campus USA form discloses that Campus USA refused to grant Plaintiff the loan because: (1) Plaintiff did not have a credit file; and (2) Plaintiff's income was insufficient for the amount of credit requested. There are no allegations in the Complaint that the Plaintiff is a member of a protected class and no allegations that the denial of Plaintiff's loan request was the result of any discriminatory animus. Plaintiff alleges that Ms. Baun violated the "Equal Housing Opportunity Federal Fair Housing Law" and requests damages in the amount of $40,000,000.00.

## II.  Standard of Review

The screening process under 28 U.S.C. §1915 applies to non-prisoner *pro se* litigants who are proceeding *in forma pauperis*. Boyington v. Geo Group, Inc., 2009 WL 3157642 (M.D. Fla.), *citing* Troville v. Venz, 303 F.3d 1256, 1260 (11th Cir. 2002) (dismissals under 28 U.S.C. 1915 apply to non-prisoners, even if fee assessment provisions do not).  In order to authorize a litigant to proceed *in forma pauperis*, the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." Dycus v. Astrue, 2009 WL 47497, at *1 (S.D. Ala.2009).  An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to satisfy the poverty requirement or if plaintiff's claim is frivolous. Martinez v. Kristi Kleaner's Inc., 364 F.3d 1305, 1306 (11th Cir.2004); see also Attwood v. Singletary, 105 F.3d 610, 613 (11th Cir.1997) (stating that a court may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious).

A claim is frivolous if it is based on an indisputably meritless legal theory. Neitzke

v. Williams, 490 U.S. 319, 317 (1989) (applying section 1915). This circuit has defined a frivolous appeal under section 1915 as being one 'without arguable merit. " Harris v. Menendez, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)).  'Arguable means capable of being convincingly argued. "Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (*quoting* Menendez, 817 F.2d at 740 n. 5); see Clark v. State of Ga. Pardons and Paroles Bd, 915 F.2d 636, 639 (11th Cir. 1990) (lawsuit is frivolous if the plaintiff's chances of ultimate success are slight); see also Weeks v. Jones, 100 F.3d 124, 127 (11th Cir.1996) (stating that [f]actual allegations are frivolous for purpose of [28 U.S.C.] 1915(d) when they are clearly baseless; legal theories are frivolous when they are indisputably meritless. ") (citations omitted).

### III.  Discussion

The court assumes that Plaintiff is attempting to bring a claim for violation of the Fair Housing Act ("FHA"). The FHA provides in relevant part that "[i]t shall be unlawful for any person or other entity whose business includes engaging in residential real estate-related transactions to discriminate against any person in making available such a transaction, or in the terms or conditions of such a transaction, because of race, color, religion, sex, handicap, familial status, or national origin."  42 U.S.C. § 3605. "Residential real estate-related transactions" are defined under the FHA as including "[t]he making or purchasing of loans or providing other financial assistance--(A) for purchasing, constructing, improving, repairing, or maintaining a dwelling; or (B) secured by residential real estate."  Id.

While individuals can be held liable for violating the FHA –   Housing Opps.

Project v. Key Colony No. 4. Condo. Assoc., Inc., 510 F. Supp. 2d 1003, 1013 (S.D. Fla. 2007)("It is clear that the Fair Housing Act allows for claims to be brought against individual Defendants.") – the individual personally must have committed one of the acts prohibited under the FHA.  Id. at 1014.

The Complaint fails to allege a claim for violation of the FHA because Plaintiff has failed to allege any of the elements necessary to state a claim for credit discrimination under the FHA.  To establish a claim for credit discrimination under the FHA, a plaintiff must show: (1) that the plaintiff is a member of a protected class; (2) that the plaintiff applied for and was qualified for a loan from the defendant; (3) that the loan was rejected despite the plaintiff's qualifications; and (4) that the defendant continued to approve loans for loan applicants outside of the plaintiff's protected class with similar qualifications.  Boykin v. Bank of America Corp., 162 Fed. Appx. 837, 839 (11th Cir. 2005)(*per curiam*).

As an initial matter, Plaintiff has failed to even allege that he is a member of a protected class.  While Plaintiff's loan application reflects that he receives disability income there is no mention of whether the Plaintiff would qualify as handicapped.

Even assuming *arguendo*, however, that Plaintiff could demonstrate that he was a member of a protected class Plaintiff still cannot cure the other deficiencies to allege a claim under the FHA. Notably, Plaintiff has failed to allege that he was qualified for the loan. Indeed, the letter from Campus USA denying the loan discloses that the loan was denied because Plaintiff does not have a credit file and does not have sufficient income for the amount of credit requested – two of the essential requirements a loan applicant must have to obtain a loan from any bank or financial institution.  Thus,

Plaintiff has not alleged - and cannot demonstrate – that he was qualified for the loan. Similarly, Plaintiff cannot show that the loan was rejected despite Plaintiff's qualifications.

Lastly, Plaintiff has not alleged that Campus USA approved loans for individuals outside of Plaintiff's protected class with similar qualifications. Thus, Plaintiff would have to demonstrate that Campus USA approved loans in similar amounts to other individuals who had no credit file and who did not have sufficient income to repay a loan in that amount. Plaintiff's complaint is silent in this regard.

In sum, because Plaintiff has failed to allege any facts sufficient to satisfy the elements of a claim for credit discrimination under the FHA Plaintiff's Complaint is due to be **DISMISSED.** Further, although the Court generally would give a *pro se* Plaintiff an opportunity to amend his complaint to cure pleading deficiencies, the Court declines to do so here because Plaintiff cannot demonstrate he was qualified for the loan in that he did not have any credit and his income was insufficient for the loan.

## IV. Conclusion

In light of the foregoing, it is respectfully **RECOMMENDED** that the Motion To Proceed *In Forma Pauperis* (Doc. 2) should be **DENIED** and this cause should be **DISMISSED** for failure to state a claim for relief.

At Gainesville, Florida, this 4th day of May, 2011.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**